**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| DUSTIN JADE WELLS | CASE NO.  19-40478-JMM |

### TRUSTEE'S STATEMENT IN SUPPORT OF MOTIONS FOR 2004 EXAMS DOCKETS NO.  26, 27, 28, 29, AND 30

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and Statement in support of the Motions for 2004 exams docket no. 26- 30 states as follows:

1. Debtor filed for Chapter 13 relief on May 17, 2019.  Debtor is currently married, though his spouse has elected not to join him in this proceeding.

2. Idaho is a community property state and Trustee requires information about the assets owned by the community.  In order to prove feasibility of the Debtor's plan as proposed, Trustee seeks information about Mr. Wells' financial condition which includes his income and expenses. Mr. Wells intends to fund his plan primarily with contributions from his parents, Richard and Marsha Wells.

3. Prior to filing this case the Debtor and his spouse, Stephanie Diane Wells, were sued by Box Canyon Dairy (BCD) for the sum of $742,465.61. Of said sums, it is alleged that $708,944 were owed as a result of monies that were fraudulently taken from the accounts of BCD while Stephanie Wells was its chief financial officer. The majority of the funds are alleged to have been used to pay a Discover card account ending in 0438 which is a joint account owned by Steven and Marilee Allison and on which Stephanie Diane Wells was an authorized user. Mr. and Mrs. Allison are Stephanie Wells' parents. Per the allegations, the total payments made to Discover from the Box Canyon Dairy account totaled $461,586.43.

4. As of today's date, unsecured claims have been filed by BCD totaling $871,292.10. This is roughly twice the allowed unsecured debt limit in a Chapter 13 proceeding. Although Debtor lists the debt owed to BCD as contingent, unliquidated and disputed, as of today's date no claim objections have been filed. Dustin Wells does not appear to be eligible for a Chapter 13 proceeding at this time. The debts owed to BCD will need to be decided so that Trustee and the court can better determine if Mr. Wells is statutorily eligible to proceed in a Chapter 13 case.

5. At the 341 Meeting of Creditors conducted on June 20, 2019, Mr. Wells was unable to testify about any of the information contained on Schedule C of his tax return regarding his rodeo and horse training business. He indicated he did not understand or review the tax returns and only signed them when he was told to. Debtor testified that Marilee Allison prepared the tax returns.

6. Due to several discrepancies in the values listed for assets on Debtor's depreciation schedules provided to the Trustee and the values listed on Schedule B, an examination of the Debtor's spouse and Marilee Allison would be appropriate and necessary to find out who valued Debtor's assets on the depreciation schedules, determine which values may be correct, and to determine how the values listed were arrived at.

7. Mr. Wells was not sure if his minor children had any bank accounts held jointly with their grandparents or where any funds in those accounts would have come from.

8. Trustee has been advised that on or about April 22, 2019 a criminal complaint was filed against Stephanie Dianne Wells containing 19 counts of grand theft with the total amount alleged to have been stolen being in excess of $400,000. Trustee has no intention to ask Mrs. Wells any privileged questions but merely to inquire about marital assets.

9. Mrs. Wells is alleged to have made payments on a Discover card in the names of her parents totaling $461,586.43 from funds that belonged to BCD. There is a factual issue as to whether the purchases on that card were made by the Allison's or Stephanie Diane Wells that could be cleared up with the testimony of Mr. and Mrs. Allison.

10. If Mrs. Wells made charges to her Discover card amounting to $461,586.43 it would bring into question what, if anything, was purchased by Debtor or co-Debtor with those funds to verify if Debtor has listed all of the community assets and whether any fraudulent or preferential transfers were made.

11. Debtor lists his mother-in-law, Marilee Allison, as a creditor in this case with a debt owed to her in the amount of $61,635.09, and further lists that she received payments towards this

debt of $9,160 in the year prior to filing. Trustee would like additional information on the nature of this debt including, but not limited to, when it was incurred and where the funds were spent. As of today's date Mrs. Allison has not filed a claim in this case.

12. Debtor and or his spouse are alleged to have borrowed $217,000 on various dates from BCD, in addition to the proceeds received from the sale of their prior real property. Debtor did not seem to know how those funds were used other than to purchase fencing materials. Trustee is hoping that those individuals handling the Debtor's financial affairs at the time might be able to provide more information.

13. Mr. Wells' parents opened a checking account at Farmer's Bank on or about January 19, 2019 which they allowed the Debtor to use for deposits and expenditures. Debtor was removed as a signer on this account on May 23, 2019. It is not clear from the bank statements as to when Dustin Wells began using that account, what deposits were from funds of his and his spouse, or what deposits were made by his parents. Thus, Trustee is currently unable to determine what Debtor did with funds received in the 90 days prior to filing and what creditors, if any, were paid.

14. Given the issues at hand, it appears that this case would require testimony from the parties listed regarding, but not limited to, the value and the identity of the community assets, the funding for the Debtor's proposed plan, whether the Discover card charges were made by Stephanie Wells or the Allison's and what became of any assets acquired from those charges, where and when certain proceeds from the sale of property and from loans were expended, and whose funds were deposited into Richard and Marsha Wells' checking account and on whose behalf were they paid out.

Wherefore Trustee supports the motions of Box Canyon Dairy for 2004 exams of Stephanie Diane Wells, Richard and Marsha Wells, and Steven and Marilee Allison and respectfully requests that the court allow the examinations to take place at a time and date agreeable to all parties.

DATED: July 9, 2019

/s/ Kathleen McCallister__
**Kathleen McCallister, Trustee**

# **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 9, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

PAUL ROSS
Attorney at Law
paul@idbankruptcylaw.com

F Matthew Stoppello
matt@stoppellolaw.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

DUSTIN JADE WELLS
582 SOUTH 100 WEST
JEROME, ID 83338

                                               **/s/** Kathleen McCallister
                                               **Kathleen McCallister, Trustee**