**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
kam@kam13trustee.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **Dustin Jade Wells,** | **CASE NO. 19-40478-JMM** |
| **Debtor** | |

## STATEMENT OF THE ISSUES TO BE PRESENTED

Comes Now, appellant Kathleen McCallister, Chapter 13 Trustee, and hereby designates the following Statement of the Issues to Be Presented, pursuant to Fed. R. Bankr. P. 8009:

Did the Court err in finding that an Idaho Debtor could sell his homestead property which he exempted pursuant to Idaho Code §§55-1001, 55-1002, and 55-1003, after the filing of the bankruptcy case, and retain the proceeds from the sale of the real estate without being required to reinvest the proceeds into replacement homestead property to maintain its exempt nature as is required by Idaho Code §55-1008 which states that the "[T]he proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead, and proceeds from insurance covering destruction of homestead property held for use in restoring or replacing the homestead property, up to the amount specified in Section 55-1003, Idaho Code, shall likewise be exempt for one (1) year from receipt, and also such new homestead acquired with the proceeds."

Further, did the Court err in finding that Debtor could use the proceeds of the sale of his homestead property to favor one general unsecured creditor ahead of the remaining general unsecured creditors without violating 11 U.S.C. § 1322(a)(3), which requires that creditors of the same class be treated the same.

Dated:  February 25, 2020

                                          **By:**    /s/  Kathleen McCallister
                                                    **Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 25, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

**Paul Ross**
Attorney at Law
paul@idbankruptcylaw.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**Dustin Jade Wells**
**582 South 100 West**
**Jerome, ID 83338**

                                         /s/  Kathleen McCallister
                                         **Kathleen McCallister, Trustee**